**United States District Court**
For the Northern District of California

1
2
3                    UNITED STATES DISTRICT COURT
4                  NORTHERN DISTRICT OF CALIFORNIA
5
6
7
8    ELIZABETH TUCKWELL,

                    Plaintiff,                No. C 14-4529 PJH
9
        v.                                    **ORDER GRANTING MOTION FOR**
10                                            **LEAVE TO FILE AMENDED COMPLAINT**
     CALIFORNIA DEPARTMENT OF
11   SOCIAL SERVICES,
12                  Defendant.
     _____/
13

14        Before the court is the motion of plaintiff Elizabeth Tuckwell for leave to file a first

15   amended complaint.  Having read the parties' papers and carefully considered their

16   arguments and the relevant legal authority, the court hereby GRANTS the motion.

17        Federal Rule of Civil Procedure 15 requires that a plaintiff obtain consent of the

18   defendant or leave of court to amend the complaint once the defendant has answered, but

19   "leave shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a); see also, e.g.,

20   Chodos v. West Pub. Co., 292 F.3d 992, 1003 (9th Cir. 2002) (leave to amend granted with

21   "extreme liberality").  Leave to amend is thus ordinarily granted unless the amendment is

22   futile, would cause undue prejudice to the defendants, or is being sought by plaintiffs in bad

23   faith or with a dilatory motive.  Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence

24   Capital LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003).

25        In the present action, plaintiff alleges employment discrimination and retaliation

26   under both federal and state law.  She  seeks leave to amend the complaint to eliminate the

27   federal statutory causes of action.  She asserts that there has been no undue delay in

28   seeking leave to amend; that there is no evidence of bad faith or dilatory motive, and no

United States District Court

For the Northern District of California

1   history of repeated failure to cure the deficiencies of the complaint by amendments

2   previously allowed; that defendant will not be prejudiced if the motion is granted; and that

3   there is no indication that the amendment would be futile.

4       Defendant opposes the motion, and focuses most of its attention on the factor of

5   "undue delay."  The Ninth Circuit does not afford equal weight to the Foman factors.  For

6   example, "delay alone no matter how lengthy is an insufficient ground for denial of leave to

7   amend."  U.S. v. Webb, 655 F.2d 977, 979 (9th Cir. 1981).  On the other hand, the most

8   important factor is whether amendment would prejudice the opposing party.  Eminence,

9   316 F.3d at 1052.  "Absent prejudice, or a strong showing of any of the remaining Foman

10  factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend."

11  Id.

12      The court finds that the motion must be GRANTED.  Defendant has not shown that it

13  will suffer any prejudice because of the proposed amendment, or that plaintiff unduly

14  delayed in seeking leave to amend.  The case is still in a relatively early stage.  Defendant

15  removed the case from Alameda County Superior Court on October 9, 2014.  On January

16  28, 2015, prior to the initial case management conference, plaintiff filed the present motion.

17  At the CMC, she indicated her intent to also seek remand of the case.  The briefing of the

18  motion was continued to allow the parties to participate in a settlement conference, which

19  went forward on April 20, 2015.  The motion for leave to amend was fully briefed as of April

20  22, 2015.

21      Nor has defendant made a strong showing of any of the other Foman factors.

22  Defendant suggests that plaintiff has acted in bad faith, because she is simultaneously

23  pursuing an appeal of a State Personnel Board ruling regarding her challenge to her

24  termination; and also suggests that bad faith is shown by the fact that plaintiff seeks to

25  dismiss the federal statutory causes of action in order to seek remand of the case to the

26  Alameda Superior Court, where it was originally filed.  However, the court is not persuaded

27  that plaintiffs' actions constitute bad faith under the circumstances presented here.

28      Defendant also speculates that plaintiff is "judge shopping," and asserts that, as an

2

United States District Court

For the Northern District of California

1    attorney with many years' experience, plaintiff should have known that the remedies

2    afforded under federal law are nearly identical to those afforded under state law, and thus

3    should never have alleged claims under federal law.  However, as the "master of the

4    complaint," plaintiff was within her rights to make the decision to dismiss the federal causes

5    of action.

6          In accordance with the foregoing, the motion is GRANTED.  Plaintiff shall file the first

7    amended complaint no later than April 30, 2015.  The date for the hearing, previously

8    noticed for May 6, 2015, is VACATED.

9

10   **IT IS SO ORDERED.**

11   Dated:  April 28, 2015

12                                                                    _____
                                                                      PHYLLIS J. HAMILTON
13                                                                    United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28